UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

XEROX CORPORATION,

        Plaintiff/Counterclaim Defendant,

        v.

CONDUIT GLOBAL, INC.,

        Defendant/Counterclaimant.

**DECISION AND ORDER**

6:21-CV-06467 EAW

---

## INTRODUCTION

Plaintiff Xerox Corporation ("Plaintiff") commenced this diversity action on or about July 2, 2021, arising from the termination of an Outsourcing Agreement it had with defendant Conduit Global, Inc. ("Defendant"). (Dkt. 1).

Presently pending before the Court are two motions: (1) Defendant's appeal of a decision issued by United States Magistrate Judge Mark W. Pedersen that awarded attorneys' fees and costs to Plaintiff and motion to stay enforcement of that fee award (Dkt. 88) and (2) Defendant's motion to seal (Dkt. 89). For the following reasons, the appeal is denied and motion to stay is denied as moot (Dkt. 88) and motion to seal (Dkt. 89) is granted.

## BACKGROUND

Pursuant to the Outsourcing Agreement between the parties, Defendant was to provide Plaintiff with customer service call center support and other IT services. (Dkt. 1 at ¶ 1). After Defendant suffered a widespread ransomware attack that impacted Plaintiff's

ability to communicate with customers and partners in March of 2020, Plaintiff terminated the Outsourcing Agreement, citing Defendant's failure to meet its contractually-prescribed services. (*Id.* at ¶ 3). Plaintiff then commenced this action, seeking a declaratory judgment that its termination of the Outsourcing Agreement was valid, and that Plaintiff is not obligated to pay any termination fees and is entitled to damages for Defendant's breach. (*Id.* at ¶ 4).

On September 7, 2023, Judge Pedersen issued a Decision and Order on a motion to compel filed by Defendant and a cross-motion for a protective order filed by Plaintiff. (Dkt. 73). Thereafter, the parties each filed motions for attorneys' fees and costs incurred in connection with the discovery motions. (Dkt. 74; Dkt. 75). On July 26, 2024, Judge Pedersen issued a Decision and Order granting Plaintiff's motion for fees and denying Defendant's motion without prejudice to renew. (Dkt. 86).

On August 9, 2024, Defendant filed the instant appeal of the July 26, 2024 Decision and Order and accompanying motion to stay enforcement of the fee award (Dkt. 88), and motion to seal (Dkt. 89). Plaintiff opposed Defendant's appeal and motion to stay but consented to Defendant's motion to seal. (Dkt. 91; Dkt. 92; Dkt. 93).

## DISCUSSION

### I.    Appeal of Magistrate Judge Decision and Order and Motion to Stay

#### A.  Legal Standard—Rule 72(a)

The standard of review with respect to Defendant's appeal is highly deferential—the Magistrate Judge's determinations at issue are non-dispositive, and therefore they may be set aside only if clearly erroneous or contrary to law. *See*, *e.g.*, *Eisai Ltd. v. Dr. Reddy's*

*Labs., Inc.*, 406 F. Supp. 2d 341, 342 (S.D.N.Y. 2005) ("Under Fed. R. Civ. P. 72(a), a District Court may set aside a Magistrate Judge's determination on a '[n]ondispositive [m]atter[ ]' only if that determination is 'clearly erroneous or contrary to law.' Discovery rulings . . . are nondispositive matters subject to that standard of review." (alterations in original)). "[A] district court may reverse the order only if on the entire evidence, the district court is left with the definite and firm conviction that a mistake has been committed." *Rodriguez v. Pie of Port Jefferson Corp.*, 48 F. Supp. 3d 424, 425 (E.D.N.Y. 2014) (quotations and citations omitted); *see also Khaldei v. Kaspiev*, 961 F. Supp. 2d 572, 575 (S.D.N.Y. 2013) (explaining that an order "is contrary to law if it fails to apply or misapplies relevant statutes, case law or rules of procedure" (quotation omitted)); *Flaherty v. Filardi*, No. 03 Civ. 2167(LTS)(HBP), 2009 WL 749570, at *19 (S.D.N.Y. Mar. 20, 2009) ("The clearly erroneous standard is highly deferential, and magistrate judges are afforded broad discretion in resolving non-dispositive disputes. . . ." (quotations, citation, and alterations omitted)), *aff'd*, 460 F. App'x 66 (2d Cir. 2012).

**B. Judge Pedersen's Award of Attorneys' Fees is Affirmed**

On September 7, 2023, Judge Pedersen issued a Decision and Order on a motion to compel filed by Defendant and a cross-motion for a protective order filed by Plaintiff. (Dkt. 73). The discovery motions arose from disputes between the parties over discovery demands served by Defendant seeking Plaintiff's policy documents, including all documents related to Plaintiff's data security policies and any analysis or assessment of the

same.[1]  The policy documents sought pursuant to the discovery requests at issue included documents reflecting the application of Plaintiff's policies not only as applied to Defendant, but also with respect to Plaintiff's internal assessments of those policies and its communications with two other providers of telephony services to Plaintiff.  (Dkt. 88 at 5-7; Dkt. 91-1 at 10-11).  Defendant argued that these documents were relevant and necessary to develop evidence of applicable standards for providers of telephony services to Plaintiff. Defendant also served discovery requests pertaining to a separate unrelated ransomware cyber-attack Plaintiff suffered.  (Dkt. 88 at 10).  Plaintiff cross-moved for a protective order, arguing that the separate ransomware attack was not relevant to Defendant's claims and defenses.  (Dkt. 91-1 at 11-12).  Judge Pedersen granted Defendant's motion to compel in part by compelling production of a limited set of policy documents to the extent they were applied to Defendant but otherwise denied the remaining portions of the motion. Judge Pedersen also granted Plaintiff's cross-motion for a protective order in full.  (Dkt. 73).  No party appealed Judge Pedersen's Decision and Order resolving the discovery motions.

Thereafter, the parties were permitted to submit briefing seeking an award of costs on the motions.  Defendant moved for $74,143.60 in attorneys' fees pursuant to Federal

---

[1]    Specifically, these document requests sought production of "1. All Documents Concerning [Xerox's] policies rules, requirements and procedures relating to data security, including but not limited to [Xerox's] policies, rules, requirements and procedures referenced in Section 20.1 of the Outsourcing Agreement," and "2. All Documents Concerning any analysis or assessment of [Xerox's] policies, rules, requirements, and procedures relating to data security, including but not limited to [Xerox's] policies, rules, requirements and procedures referenced in Section 20.1 of the Outsourcing Agreement." (*See* Dkt. 86 at 5).

Rule of Civil Procedure 37(a)(5)(A) (Dkt. 74) and Plaintiff cross-moved for $51,951.20 in reasonable expenses, including attorneys' fees, pursuant to Rule 37(a)(5)(C) and/or Rule 37(a)(5)(B) (Dkt. 75).

Rule 37(a)(5) governs an award of sanctions in connection with a motion compelling disclosure or discovery and provides in relevant part:

> (5) Payment of Expenses; Protective Orders.
> (A) If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing). If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
> (iii) other circumstances make an award of expenses unjust.
> . . .
> (C) If the Motion Is Granted in Part and Denied in Part. If the motion is granted in part and denied in part, the court may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion.

Fed. R. Civ. P. 37(a)(5). "Rule 37(a)(5) 'applies to [an] award of expenses' made in connection with an application for a protective order." *FD Special Opportunities V, LLC v. Silver Arch Cap. Partners, LLC*, No. 21CV0797(JLR)(OTW), 2022 WL 17730098, at *1 (S.D.N.Y. Dec. 15, 2022) (quoting Fed. R. Civ. P. 26(c)(3)).

"Despite the compulsory language in Rule 37, 'a district court has wide discretion in sanctioning a party for discovery abuses.'" *Smith v. Fischer*, No. 13-CV-6127-FPG, 2019 WL 4750548, at *2 (W.D.N.Y. Sept. 30, 2019) (quoting *Reilly v. Natwest Mkts. Grp.*

*Inc.*, 181 F.3d 253, 267 (2d Cir. 1999)).    In reaching a determination as to the appropriateness of an award of expenses, a court should consider the three exceptions listed in the rule at subsections (i) through (iii).  *See Wager v. G4S Secure Integration, LLC,* No. 1:19-cv-03547-MKV-KNF, 2021 WL 293076, at *3 (S.D.N.Y. Jan. 28, 2021).  "Whether a party was substantially justified in resisting discovery is determined by 'an objective standard of reasonableness and does not require that the party have acted in good faith.'" *Holloway v. City of New York*, No. 21 CV 3858 (AMD)(CLP), 2024 WL 4333761, at *4 (E.D.N.Y. Sept. 27, 2024) (quoting *Jindan Wu v. Seoul Garden, Inc.*, No. 16 CV 3613, 2018 WL 507315, at *8 (E.D.N.Y. Jan. 22, 2018)).  Substantial justification exists "where there is justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request, or if there exists a genuine dispute concerning compliance."  *Id.* (quoting *Hong v. JT Home Management LLC*, No. 18 CV 2612, 2023 WL 6609303, at *1 (E.D.N.Y. Sept. 20, 2023)).  Further, "[t]he imposition of Rule 37(a)(5) sanctions for failure to comply with discovery demands must be weighed in light of the full record."  *S.E.C. v. Yorkville Advisors, LLC*, No. 12 Civ. 7728(GBD)(HBP), 2015 WL 855796, at *3 (S.D.N.Y. Feb. 27, 2015).

In his July 26, 2024 Decision and Order on the fee motions, Judge Pedersen concluded that because Plaintiff successfully opposed the bulk of Defendant's motion to compel and had its motion for protective granted in full, it was entitled to most of its requested attorneys' fees.  (Dkt. 86 at 14).  He largely rejected Defendant's argument that its motion to compel and opposition to the protective order were "substantially justified" and had a reasonable basis in law and fact, concluding that Plaintiff's policies were not

ambiguous "about the yardstick against which Conduit's performance would be measured" (*id.* at 24) and did not require the extrinsic evidence sought by Defendant to determine their meaning, as Defendant argued.    After employing the lodestar calculation, the Court awarded Plaintiff $42,527.50 in fees (*id.* at 44) and denied Defendant's motion for fees with leave to renew (*id.* at 45-46).    Defendant then filed the instant appeal of Judge Pedersen's decision and requested an interim stay of enforcement of the fee order pending adjudication of the appeal.

The record reflects that Judge Pedersen concluded that Plaintiff attempted in good faith to meet and confer with Defendant prior to filing its motion for a protective order, which Defendant does not contest on this appeal.

In addition, Judge Pedersen's conclusions about whether Defendant's position was substantially justified were sufficiently sound and not clearly erroneous or contrary to law. Defendant argues that the policies are capable of more than one interpretation and that contractual terms such as "adequate," "appropriate," or "acceptable" cannot be determined as a matter of law and require fact-finding including expert testimony about industry standards or examples of other security controls.    But Judge Pedersen concluded that to comply with the Outsourcing Agreement, Defendant "needed to adhere to industry standards, current legal obligations, and Xerox policies," and Defendant's discovery requests were not relevant to that assessment.    (*Id.* at 24-25).  Judge Pedersen explained his reasoning for concluding that only the category of documents relating to the security policies that Plaintiff claimed Defendant breached were relevant and why the remaining

requests propounded by Defendant lacked sufficient justification. The Court does not find that Judge Pedersen's determination on this point was clearly erroneous or contrary to law.

Finally, the Court cannot discern, nor has Defendant identified, any other circumstances that would make an award of expenses unjust. Plaintiff filed information documenting the time spent preparing its motion papers and attached an itemized schedule detailing the hours worked by timekeeper. (Dkt. 75-3). Defendant does not challenge the reasonableness of the fees on the instant appeal.

Accordingly, for the foregoing reasons, the Court denies Defendant's appeal of the Magistrate Judge's determination that Plaintiff is entitled to attorneys' fees in connection with the discovery motions because it has not been established that the determination was clearly erroneous or contrary to law.

### C. Motion to Stay

In its motion, Defendant argued that the Court should stay enforcement of the fee order pending adjudication of the appeal. But because the Court has affirmed Judge Pedersen's decision, and because in any event Defendant satisfied the judgment in the amount of $42,527.50 on August 28, 2024 (*see* Dkt. 91 at ¶ 6), this portion of Defendant's motion is denied as moot.

## II. Motion to Seal

Finally, Defendant moves to seal very limited portions of its memorandum in support of its appeal. As noted, Plaintiff joins in this request for relief.

"In considering a motion to seal, the court undertakes a three-part analysis. First, the court must determine whether the document is in fact a judicial document. . . . Second,

once the Court finds that the document is a 'judicial document, the court must determine the weight of the presumption that attaches. . . .  Third, once the Court has determined the weight to accord the presumption of public access, it must determine whether competing considerations outweigh the presumption." *Spectrum Dynamics Med. Ltd. v. Gen. Elec. Co.*, No. 18CV11386(VSB)(KHP), 2023 WL 7126251, at *1 (S.D.N.Y. Oct. 30, 2023) (quotations and citations omitted).  To overcome the presumption of public access to judicial documents, the Court must make "specific, on-the-record findings that sealing is necessary to preserve higher values" and any sealing order must be "narrowly tailored to achieve that aim." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006).

Because the information sought to be redacted here was submitted to the Court in support of a motion to appeal a magistrate determination on a discovery motion, the information constitutes a judicial document entitled to a presumption of public access. *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019) (documents "submitted in connection with, and relevant to, [] judicial decision-making [on motions to compel and quash] are subject to at least some presumption of public access.").  "This, however, 'does not necessarily mean that those documents meet the 'higher threshold imposed by the First Amendment with respect to judicial documents.'" *Samsung Elecs. Co. v. Microchip Tech. Inc.*, No. 1:24-MC-00269 (GHW), 2024 WL 4169353, at *3 (S.D.N.Y. Sept. 12, 2024) (quoting *Kewazinga Corp. v. Microsoft Corp.*, No. 18-CV-04500 (GHW), 2021 WL 1222122, at *7 (S.D.N.Y. Mar. 31, 2021)).  "[M]aterials submitted in connection with non-dispositive motions, including discovery motions, are entitled to a weaker but 'still substantial' presumption of public access." *Disability Rts. Connecticut, Inc. v. Connecticut*

*Dep't of Correction*, No. 3:21-CV-146(KAD), 2024 WL 3963782, at *7 (D. Conn. Aug. 28, 2024); *see also Conservation L. Found., Inc. v. Shell Oil Co*., No. 3:21-CV-00933 (JAM), 2023 WL 5567614, at *2 (D. Conn. May 16, 2023) ("When the document was placed before the court as an exhibit to a discovery motion, the presumption of access typically 'has only 'modest' weight[.]'" (citation and quotation omitted)).

In this instance, the parties have identified specific countervailing factors to overcome the presumption of public access due to the confidential and proprietary nature of the information. *New York Knicks, LLC v. Maple Leaf Sports & Ent. Ltd.*, No. 23-CV-7394 (JGLC), 2024 WL 3237563, at *13 (S.D.N.Y. June 28, 2024) ("The demonstration of a valid need to protect the confidentiality of sensitive business information, such as pricing and compensation information, may be a legitimate basis to rebut the public's presumption of access to judicial documents." (citation omitted)). The Court also finds that the proposed redactions are narrowly tailored to protect the confidential information contained therein without impeding the public's ability to understand the issues before the Court on the pending motions. Accordingly, Defendant's motion to seal is granted. The Court will arrange for the sealing of the unredacted memorandum on the docket.

## **CONCLUSION**

For the foregoing reasons, Defendant's appeal of Judge Pedersen's ruling (Dkt.88)

is denied, motion to stay is denied as moot, and motion to seal (Dkt. 89) is granted.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:       February 24, 2025
              Rochester, New York