# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

---

**Xerox Corporation,**

        Plaintiff and
        Counter Defendant,

   v.

**Conduit Global, Inc.,**

        Defendant and
        Counter Claimant.

**DECISION and ORDER**

21-cv-6467

---

## INTRODUCTION

**Pedersen, M.J.** Because Conduit Global, Inc. has failed to show good cause to extend the motion to compel deadline, *see* Fed. R. Civ. P. 16(b)(4), the Court denies it leave to file an untimely motion to compel, (ECF No. 109, May 30, 2025), and denies as moot Xerox Corporation's motion for a protective order, (ECF No. 113, May 30, 2025).

## BACKGROUND

The following account is based on the exhibits in support of Conduit's motion to compel. (ECF No. 111, May 30, 2025.) Shortly after the Court issued the operative scheduling order setting April 29, 2025, as the motion to compel deadline, (ECF No. 100 at 2, Feb. 17, 2025), Conduit served notice on March 7, 2025, that it would depose Steven Bandrowczak, Xerox's CEO, on April 15, 2025, (ECF No. 111-23; ECF No. 111-24 at 14–15). Xerox responded immediately that Mr. Bandrowczak would not sit for a deposition until Conduit explained why his

1

"deposition is necessary and what relevant information [Conduit] believe[s] he has so that [Xerox] can determine whether to seek a protective order." (ECF No. 111-24 at 14.) Five days later, on March 12, Conduit replied that it would respond to Xerox's email. (*Id.* at 12–13.) After another five days, on March 17, Xerox again requested "Conduit's position with respect to Steve Bandrowczak." (*Id.* at 11.) Nine days later, on March 26, Conduit replied that Mr. Bandrowczak "is a key witness" and that it "do[es] intend to take his deposition." (*Id.* at 8–9.) The following week, on April 3, Xerox repeated that it was awaiting Conduit's "position" concerning the deposition. (*Id.* at 6.) Later that day, Conduit responded that it "intend[ed] to move forward with Mr. Bandrowczak's deposition" but that it was "happy to discuss reasonable limitations on the scope of his deposition." (*Id.* at 3–4.) Conduit explained, among other things, that it regarded "Mr. Bandrowczak's testimony [a]s critical to" the question whether "Conduit's breach allegedly was 'incurable.'" (*Id.* at 4.)

On April 18, 2025, three days after the scheduled deposition date, Xerox suggested times for the parties to meet and confer about the discovery dispute but reiterated that it "continue[d] to disagree with [Conduit's] position that Mr. Bandrowczak has relevant information regarding the claims or defenses in this suit" and that it was "not agreeing to produce him for a deposition at this time." (ECF No. 111-24 at 2.) Ten days later, on April 28, Xerox sought a time that day to discuss with

Conduit its "request to take Steve Bandrowczak's deposition." (ECF No. 111-25 at 2–3.) Conduit responded later that day that it would "follow up" with Xerox about the deposition. (*Id.* at 2.)

Although the next day, April 29, 2025, was the motion to compel deadline, that date passed without Conduit filing such a motion. (*See* ECF No. 100 at 2.) The following day, Xerox filed a letter with the Court requesting a conference to address the deposition dispute and noting that the time for motions to compel had expired. (ECF No. 102 at 1–2 n.3, Apr. 30, 2025.)

The Court ordered Conduit to respond to Xerox's letter and to address specifically "whether it believes an extension of the motion to compel deadline is necessary and, if so, whether there is good cause for such an extension under Fed. R. Civ. P. 16(b)(4)." (ECF No. 103, Apr. 30, 2025.) Conduit responded that it is entitled to depose Mr. Bandrowczak and "request[ed] leave to file a cross-motion to compel [his] deposition." (ECF No. 104 at 6, May 8, 2025.) Despite the Court's specific instruction, however, Conduit did not address the extension issue under Rule 16(b)(4). (*See* ECF No. 104.)

After a conference concerning this deposition dispute, the Court concluded that motion practice was necessary. (ECF No. 107, May 16, 2025.) The Court instructed that, if Conduit were to file a motion to compel, it "must address . . . whether an extension is needed under Fed. R. Civ. P. 16(b)(4) since the applicable deadline has passed." (*Id.*)

3

Conduit then filed the pending combined motion to compel Mr. Bandrowczak's deposition and for relief from the scheduling order, (ECF No. 109), and Xerox filed the pending motion for a protective order precluding the deposition, (ECF No. 113). The parties submitted extensive briefing on the motions. (ECF No. 110, May 30, 2025; ECF No. 113-18, May 30, 2025; ECF No. 117, June 13, 2025; ECF No. 119, June 13, 2025; ECF No. 120, June 20, 2025; ECF No. 122, June 20, 2025; ECF No. 123, July 11, 2025; ECF No. 124, July 14, 2025.)

## DISCUSSION

The Court declines to modify the operative scheduling order to allow Conduit's untimely motion to compel Mr. Bandrowczak's deposition because Conduit has not shown "good cause" for its failure to comply with that order. Fed. R. Civ. P. 16(b)(4). "A schedule may be modified only for good cause and with the judge's consent." *Id.*; *see also* Hon. Jeremiah J. McCarthy, *Rule 16(B)(4): Is "Good Cause" a Good Thing? Why I Hate Scheduling Orders*, 16 Fed. Courts L.R. 1 (2024) (discussing the components of "good cause" under Rule 16). As the Court warned in the operative scheduling order, "**The Court will deny any extension request that fails to show diligence**." (ECF No. 100 at 3.) That is because, as the Court explained, "a finding of 'good cause' depends on the diligence of the moving party." *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000). (*See* ECF No. 100 at 3–4.) Moreover, the Court warned the parties further that "[w]hen seeking an extension of **any deadline** in this scheduling order, the parties **must file a motion,**

4

**or letter motion, before the deadline that shows good cause.**" (ECF No. 100 at 3.)

Here, Conduit was required to comply with that directive and seek an extension to file a motion to compel before April 29, 2025, the relevant deadline, because the need for a motion to compel was foreseeable at that point given the parties' unresolved deposition dispute. (ECF No. 100 at 2.) Indeed, more than a week before the April 29 deadline, Conduit was on notice that judicial intervention could be necessary because Xerox reiterated on April 18—after the noticed deposition date—that it "continue[d] to disagree with [Conduit's] position that Mr. Bandrowczak has relevant information regarding the claims or defenses in this suit" and that it was "not agreeing to produce him for a deposition at this time." (ECF No. 111-24 at 2.) But Conduit did not move in a timely manner to extend the motion to compel deadline. (*See* ECF No. 100 at 3.) Thus, it failed to act diligently.

Although Conduit maintains that "numerous grounds" justify extending that deadline, none of its arguments has merit. (ECF No. 110 at 23-24.) First, Conduit appears to contend that it was excused from timely motion practice because, in its view, "Xerox was required under Fed. R. Civ. P. 37(d) to seek a protective order in advance of the deposition date." (ECF No. 110 at 24 (citing Fed. R. Civ. P. 37(d)(2)).) Rule 37(d) provides that a failure to appear at a deposition may be "excused" from sanctions "on the ground that the discovery sought was

objectionable" only if "the party failing to act has a pending motion for a protective order." Fed. R. Civ. P. 37(d)(2). But neither Rule 37 nor any of Conduit's cited cases suggests that a party resisting a deposition must seek a protective order, let alone that the absence of such a motion excuses an opposing party's failure to move in a timely manner for an extension of the motion to compel deadline. (*See* ECF No. 110 at 24.)

Second, Conduit asserts that it "was required under Fed. R. Civ. P. 37(a)(1) to complete the meet and confer process before it could file a motion to compel." (ECF No. 110 at 25.) Contrary to that assertion, however, Rule 37 permits a motion to compel if a party has either "conferred *or attempted* to confer" to avoid the need for "court action." Fed. R. Civ. P. 37(a)(1) (emphasis added). And regardless, Conduit could have filed a timely motion to extend the motion to compel deadline, in compliance with the scheduling order, while meeting and conferring.

Third, Conduit contends that good cause exists to extend the motion to compel deadline given the "minimal, one week period" between the deadline and Conduit's May 8, 2025, letter to the Court concerning the deposition dispute. (ECF No. 110 at 25.) But Conduit has not shown good cause for not abiding by the Court's instruction to move for an extension before the deadline. (*See* ECF No. 100 at 3.) And in its May 8 letter, (ECF No. 104), Conduit ignored the Court's direction to address the timeliness issue, (ECF No. 103).

Finally, Conduit argues that permitting an untimely motion to compel would not prejudice Xerox. (ECF No. 110 at 26.) But Conduit does not cite any authority suggesting that lack of prejudice is sufficient reason to extend a scheduling deadline where the moving party has not shown good cause under Rule 16(b)(4) for an extension.

In sum, because Conduit has not shown good cause for modifying the operative scheduling order, the Court declines to extend the deadline to permit Conduit's untimely motion to compel Mr. Bandrowczak's deposition.

## CONCLUSION

Accordingly, the Court denies Conduit's motion for relief from the scheduling order to file an untimely motion to compel Mr. Bandrowczak's deposition, (ECF No. 109), and denies as moot Xerox Corporation's motion for a protective order precluding the deposition, (ECF No. 113).

**IT IS SO ORDERED.**

Dated:      August 20, 2025
            Rochester, NY           */s/ Mark W. Pedersen*
                                    MARK W. PEDERSEN
                                    United States Magistrate Judge