UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

**Xerox Corporation,**

      Plaintiff and
Counter-Defendant,

**DECISION and ORDER**

    v.

21-cv-6467-EAW-MJP

**Conduit Global, Inc.,**

      Defendant and
Counter-Claimant.

**Pedersen, M.J.** The present fee dispute arises from the Court's decision denying Conduit Global, Inc.'s combined motion to compel the deposition of Steven Bandrowczak, Xerox Corporation's CEO, and for relief from the operative scheduling order to pursue the untimely motion to compel. (Order, ECF No. 127, Aug. 20, 2025; *see* Mot. to Compel and for Related Relief from Scheduling Order, ECF No. 109, May 30, 2025.) Because Conduit did not show good cause to permit the untimely motion to compel, the Court denied Conduit's combined motion and denied as moot Xerox's motion for a protective order to preclude Mr. Bandrowczak's deposition. (ECF No. 127; *see* ECF No. 109; Mot. for Protective Order, ECF No. 113, May 30, 2025.) Xerox now moves under Federal Rule of Civil Procedure 37(a)(5)(B) for an award of its expenses, totaling $54,164, incurred in that dispute. (Mot. for Att'y Fees, ECF No. 128, Sept. 3, 2025.) As explained below, the Court grants Xerox's motion in

1

part, concluding that a reduced award of $6,000 is reasonable under the circumstances.

Before the parties filed their motions concerning Mr. Bandrowczak's deposition, the Court held a conference at which it noted that the motions-to-compel deadline had passed and that an extension of that deadline would therefore be necessary to permit a motion to compel. (Text Order and Minute Entry, ECF No. 107, May 16, 2025; *see* Fifth Am. Scheduling/Case Management Order, ECF No. 100, Feb. 17, 2025, at 2; *accord,* Text Order, ECF No. 103, Apr. 30, 2025 (directing Conduit before the conference to address whether "an extension of the motion to compel deadline is necessary and, if so, whether there is good cause for such an extension under Fed. R. Civ. P. 16(b)(4)").) Accordingly, the Court suggested that the parties first brief the extension issue, which, depending on its resolution, could obviate motion practice on the underlying deposition issue. Xerox, however, requested simultaneous briefing on the extension and underlying discovery issues, with Conduit agreeing with Xerox that simultaneous briefing would be "most efficient." The parties also requested that the Court entertain cross-motions to compel and for a protective order, with Conduit insisting that Xerox had the burden to obtain a protective order to avoid the deposition.

Given those requests, the Court scheduled simultaneous briefing on the extension and deposition issues and permitted simultaneous

2

cross-motions to compel the deposition and for a protective order. (ECF No. 107.) The Court directed Conduit, as the "[p]arty moving to compel," to address "whether an extension is needed under Fed. R. Civ. P. 16(b)(4) since the applicable deadline has passed." (*Id.*)

The parties' cross-motions followed: a combined motion by Conduit to compel the deposition and to extend the motion-to-compel deadline to permit the untimely motion, (ECF No. 109), and a motion by Xerox for a protective order, (ECF No. 113). The Court issued a decision and order resolving the dueling motions based on the extension issue, without reaching the underlying discovery issue. (*See* ECF No. 127.) In its decision, the Court denied for lack of good cause under Federal Rule of Civil Procedure 16(b)(4) Conduit's combined motion for relief from the scheduling order to file the untimely motion to compel and denied as moot Xerox's motion for a protective order. (*Id.*) Conduit did not object to the Court's decision. *See* Fed. R. Civ. P. 72(a).

As the prevailing party in that dispute, Xerox seeks an award under Federal Rule of Civil Procedure 37(a)(5)(B) of its expenses, totaling $54,164 in attorney's fees, incurred in opposing Conduit's combined motion and in bringing its own motion for a protective order. (*See* ECF No. 128-4 at 9–14.) In addition, Xerox seeks its expenses incurred in this fee dispute. (*Id.* at 16–17.) Conduit opposes Xerox's motion, arguing both that fee-shifting is inapplicable in these circumstances and that, if it

3

were applicable, the Court should order a reduced award. (*See* Mem. in Opp'n, ECF No. 135, Sept. 24, 2025.)

For the following reasons, the Court grants Xerox's fee request under Federal Rule of Civil Procedure 37(a)(5)(B) but concludes that a limited award is reasonable under the circumstances because most of the parties' extensive briefing was unnecessary to the Court's decision. *See Corp. of Lloyd's v. Lloyd's U.S.*, 831 F.2d 33, 36 (2d Cir. 1987) (recognizing courts' "broad discretion" under Rule 37). Where, as here, a motion to compel "is denied," "the court . . . must . . . require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(B). But "the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust." *Id.*

Rule 37(a)(5)(B) applies here because the Court denied Conduit's combined motion to compel and for relief from the scheduling order. (ECF No. 127; *see* ECF No. 109.) Although Conduit insists that the Court did not deny its motion to compel and instead "deemed [it] not filed in the first instance," (ECF No. 135 at 12), in fact the Court denied Conduit's combined motion in its entirety, (ECF No. 127). Indeed, the docket entry accompanying the Court's decision states that it is an "ORDER denying Motion to Compel." (*Id.*) And contrary to Conduit's view

4

that fee-shifting is available only for a motion's denial on the merits, (ECF No. 135 at 12–14), Rule 37(a)(5)(B) applies even if a court relies on untimeliness, and not the merits, in denying a motion to compel, *see, e.g., MTGLQ Invs., LP v. Wellington*, 856 F. App'x 146, 158–59 (10th Cir. 2021) (upholding Rule 37(a)(5)(B) fee award where court denied motions to compel "as untimely under [local rule] and declined to allow an extension of time").

None of Conduit's cited cases prohibits applying Rule 37(a)(5)(B) where, as here, a court has denied a motion to compel as untimely. (*See* ECF No. 135 at 12–14.) *De Magalhaes v. Rochester Inst. of Tech.* is inapposite because there the court partially granted an untimely motion to compel and denied the accompanying fee motion without explanation. No. 13-CV-6620-DGL-JWF, 2017 WL 5514529, at *2 (W.D.N.Y. Nov. 17, 2017). *Costa v. Sears Home Imp. Prods., Inc.* involves sanctions under Federal Rule of Civil Procedure 11, not Rule 37(a)(5)(B). 65 F. Supp. 3d 333, 358 (W.D.N.Y. 2014). And Conduit's remaining cases concern fee motions associated with motions to reopen discovery. *See TB Holding Co., LLC v. J&S Siding*, No. 4:22-CV-00307-BLW, 2024 WL 4368208, at *2 (D. Idaho Oct. 1, 2024); *CSX Transportation, Inc. v. Norfolk S. Ry. Co.*, No. 2:18-CV-530, 2021 WL 6333032, at *2–3 (E.D. Va. Mar. 23, 2021); *Lodestar Anstalt v. Route 66 Junkyard Brewery*, No. CV 17-0062 JCH/JHR, 2018 WL 1271326, at *1 (D.N.M. Mar. 9, 2018).

Given that Rule 37(a)(5)(B) applies here, to avoid a fee award, Conduit has the burden as the losing party to show that its "motion was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B); *see* 8B Wright & Miller's Federal Practice & Procedure § 2288 (3d ed.) (explaining that Rule 37(a)(5) places "burden of persuasion . . . on the losing party to avoid assessment of expenses and fees"); *see also* 7 Moore's Federal Practice - Civil § 37.23 ("One of the ways that an unsuccessful party on a motion to compel may rebut the presumption in favor of expense shifting sanctions . . . is by demonstrating that its position was substantially justified."). A motion is "substantially justified" if it is "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988); *see N.G.B. v. N.Y.C. Dep't of Educ.*, 146 F.4th 195, 202 (2d Cir. 2025).

Conduit's motion was not substantially justified, however, because its arguments for an extension could not have satisfied a reasonable person. (*Cf.* ECF No. 135 at 18–21). To obtain an extension of the motion-to-compel deadline, Conduit needed to show "good cause," Fed. R. Civ. P. 16(b)(4), a necessary component of which is diligence. (*See* ECF No. 127 at 4.) But a reasonable person could not have found that Conduit acted diligently given that it ignored the Court's direction to request an extension before the motion-to-compel deadline, even though the need for a motion to compel was foreseeable at that point.

6

(*See id.* at 4–5.) Nor could a reasonable person have found satisfying Conduit's arguments for a post hoc extension: that the absence of a motion by Xerox for a protective order excused Conduit from seeking an extension, that Conduit could not seek an extension while meeting and conferring with Xerox, or that minimal delay or lack of prejudice provided good cause for the untimely extension request. (*See id.* at 6–7; *accord*, ECF No. 135 at 22–23.)

Conduit asserts, however, that its motion was substantially justified because, in its view, its "position that Bandrowczak was subject to deposition . . . was meritorious." (ECF No. 135 at 16; *see id.* at 22 (arguing that "Xerox would have likely lost on the merits").) But the Court need not consider whether Conduit's combined motion was "substantially justified on the merits" given that the Court denied the motion as untimely. *MTGLQ Invs.*, 856 F. App'x at 159 (explaining that "an untimely motion to compel discovery whose untimeliness is not entitled to be excused is not 'substantially justified'").

Conduit also appears to contend that it would be "unjust," within the meaning of Rule 37(a)(5)(B), to award fees given the posture of the parties' cross-motions. (*See* ECF No. 135 at 22.) Specifically, Conduit faults Xerox for having moved for a protective order, characterizing the motion as "unnecessary," according to "Xerox's own logic." (*Id.*) But Conduit insisted at the pre-motion conference that Xerox must move for a

protective order. And even if Xerox's motion were unnecessary, that would not have excused Conduit from filing a motion to compel.

Likewise, at the pre-motion conference, Conduit accepted the risk of fee-shifting under Rule 37 when it acceded to Xerox's request that the Court entertain the extension and underlying deposition issues at the same time. Indeed, Conduit asserted at the time that simultaneous briefing would be "most efficient." Given these circumstances, a fee award would not be "unjust." Fed. R. Civ. P. 37(a)(5)(B).

Nevertheless, in its discretion, the Court finds a substantially reduced fee award reasonable because most of the extensive—and expensive—briefing could have been avoided had the parties addressed the extension issue separately, as the Court had suggested. *Corp. of Lloyd's*, 831 F.2d at 36; *see* Fed R. Civ. P. 37(a)(5)(B) (authorizing award of "reasonable expenses"). Xerox seeks $54,164 in fees plus its expenses incurred in this fee litigation. (ECF No. 128-4 at 16–17.) But of the 151 pages of briefing on the parties' cross-motions, only 18 pages touched on the extension issue. (*See* ECF No. 110, May 30, 2025; ECF No. 113-18, May 30, 2025; ECF No. 117, June 13, 2025; ECF No. 119, June 13, 2025; ECF No. 120, June 20, 2025; ECF No. 122, June 20, 2025; ECF No. 123, July 11, 2025; ECF No. 124, July 14, 2025.) Given that almost 90 percent of the briefing was unnecessary to the Court's decision, a substantial reduction in the requested fees is appropriate. *See, e.g., Cassese v.*

8

*Williams*, 503 F. App'x 55, 60 (2d Cir. 2012) (upholding denial of "further reimbursement . . . of attorney's fees incurred in objecting to the settlement on the ground that those objections did not influence the court's decision") (quotation modified); *New York v. Grand River Enters. Six Nations, Ltd.*, No. 14-CV-910A(F), 2021 WL 4958653, at *5 (W.D.N.Y. Oct. 26, 2021) (reducing requested attorney's hours by 70 percent to include only those "pertain[ing] to successful arguments"); *Cardwell v. Davis Polk & Wardwell LLP*, No. 1:19-CV-10256-GHW, 2021 WL 4392278, at *2–3 (S.D.N.Y. Sept. 23, 2021) (awarding $4,000 under Fed. R. Civ. P. 37(a)(5)(A), rather than the $99,565.20 requested). Accordingly, the Court finds an approximate 90 percent reduction appropriate, declines to award fees incurred in this fee litigation, and therefore orders an award of $6,000.

For these reasons, the Court GRANTS in part Xerox's motion for fees, awarding the reduced amount of $6,000. The Court directs the Clerk of the Court to enter judgment for Xerox in the amount of $6,000 against Conduit. Conduit must pay this amount within 30 days of the date of this order. Failure to do so may result in sanctions.

**IT IS SO ORDERED.**

Dated:    March 18, 2026
          Rochester, NY              */s/ Mark W. Pedersen*
                                     MARK W. PEDERSEN
                                     United States Magistrate Judge

9